UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK T. CRAIGHEAD and SAFE PLACE TRANSITION CENTER INC., | Case No. 24-10022 |
| | Hon. F. Kay Behm United States District Judge |
| Plaintiffs, v. | Hon. Elizabeth A. Stafford U.S. Magistrate Judge |
| DANA NESSEL, Michigan Attorney General, *et al.*, | |
| Defendants. _____ / | |

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S FEBRUARY 13, 2025, REPORT AND RECOMMENDATION (ECF No. 22)**

**I.   INTRODUCTION**

Currently before the court is Magistrate Judge Stafford's February 13, 2025, Report and Recommendation (ECF No. 22). Magistrate Judge Stafford recommends that this case be administratively stayed pending resolution of a state probate action involving these same parties because *Younger* abstention applies. Therefore, Judge Stafford also recommends denying Defendants' pending Motion to Dismiss (ECF No. 12) without prejudice.  Plaintiffs

1

filed objections to the R&R on February 27, 2025 (ECF No. 23), to which the state responded (ECF No. 24).

Having fully reviewed the record, the court **OVERRULES** Plaintiffs' objections and **ACCEPTS** and **ADOPTS** the report and recommendation in full.

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendants, the Attorney General and Assistant Attorney General of Michigan (jointly "the AG"), enforce the state's requirements for charitable trusts.  *See* Mich. Comp. L. § 14.251.   Prior to this federal suit, the AG investigated Plaintiff Safe Place Transition Center Inc. ("Safe Place") for its alleged failure to meet the state's reporting requirements for charitable trusts.  ECF No. 12-1, PageID.88-91. Plaintiff Mark Craighead ("Craighead") is Safe Place's president, treasurer, secretary, and registered agent. ECF No. 12-1, PageID.88,122.  After Craighead proved unwilling to answer the AG's questions in its investigation, *see id.* at PageID.89-90, the AG filed a petition in Wayne County Probate Court alleging that 1) Craighead and Safe Place failed to provide information and documents required by law; 2) Craighead used Safe Place as a straw man to purchase and hold real

2

estate for a friend; 3) Safe Place has failed to maintain its tax-exempt status; and 4) its officers and directors have breached their fiduciary duties of care and loyalty. *Id.* at PageID.89-92. The AG requested that the probate court exercise limited supervision of Safe Place; appoint a special fiduciary; and order an accounting, registration, and the filing of annual statements. *Id.* at PageID.94-95. The AG also asked that the probate court disregard the corporate entity and hold Craighead personally liable if Safe Place failed to properly account. *Id.* at PageID.92-93, 95. Rather than raising his federal claims in opposition to the state's petition in state court, Craighead sought removal to federal court and raised his federal claims there, but the court remanded the case for lack of subject matter jurisdiction. *See Craighead v. Heckman*, No. 2:23-cv-12252, ECF No. 1, PageID.7; *id.* at ECF No. 13, PageID.133. When Craighead's attempt to remove the case failed, he filed a parallel federal complaint. In it, he:

> alleg[ed] constitutional claims and [brought] more claims against Nessel and Heckman. ECF No. 1. Craighead describes himself as the president and director of Safe Place Transition Center—a "non-profit organization that provides housing assistance to formerly incarcerated individuals and veterans in the Detroit area." *Id.*, PageID.9. He alleges that defendants launched an unlawful

3

> campaign of harassment and intimidation against him with 1) warrantless surveillance; 2) unlawful contact with Safe Place tenants to "dig up potentially damaging information about him and his organization"; 3) the misuse of authority to falsely accuse him of mismanaging Safe Place; and 4) filing "a fraudulent petition on behalf of the Michigan Department of the Attorney General" against him and Safe Place in the Wayne County Probate Court to deprive him of his civil rights and property interests. *Id.*, PageID.9-10. Craighead also claims that defendants committed civil RICO violations and conspired to interfere with his civil rights in violation. *Id.*, PageID.10-11. And he brings a Fourth Amendment claim, a First Amendment retaliation claim, a substantive due process claim, and an equal protection claim. *Id.*, PageID.11-13. Craighead requests compensatory and punitive damages and injunctive relief. *Id.*, PageID.14.

ECF No. 22, PageID.230.

However, because Plaintiffs' complaint and Defendants' motion to dismiss involve issues raised in the pending state probate petition, the Magistrate Judge found that this is a typical case warranting federal abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

### III.  STANDARD OF REVIEW

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must

resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely

perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## IV. ANALYSIS

For the reasons stated by the Magistrate Judge, the court agrees that all three *Younger* conditions are met, and no exceptions apply. Craighead filed this action while there was a state-initiated proceeding pending in state probate court, the state of Michigan has an important interest in the supervision of charitable trusts, and Craighead has adequate opportunities to raise his federal claims in the state proceedings. ECF No. 22, PageID.232-37; *see Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). Exceptions to *Younger* exist only in the very limited circumstances when a plaintiff shows they are subject to repeated harassing state prosecutions, flagrant constitutional

violations, or demonstrate extraordinary need for immediate equitable relief, but none of those situations are presented here.  *See* ECF No. 22 at PageID.237-39 (citing *Lighthouse Cmty. Church of God v. City of Southfield*, 382 F. Supp. 2d 937, 941 (E.D. Mich. 2005), *Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018)). Finally, "while 'federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary,' it may not do so in a common-law action for damages." ECF No. 22, PageID.240 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)). Instead, the "court must stay the damages claim pending the outcome of the state court proceedings." *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 700 (6th Cir. 2013). As the Magistrate Judge found, Craighead's complaint includes a request for injunctive relief and damages, and so should be stayed rather than dismissed entirely.

The court addresses each of Plaintiffs' objections in turn.

1.  **Objection 1: Younger abstention is inapplicable due to the federal interest in plaintiff's 501(c)(3) non-profit organization**

7

Plaintiffs' first objection is that this case involves a 501(c)(3) non-profit corporation, and "federal courts have a compelling interest in ensuring that such organizations are not subjected to unconstitutional state interference." ECF No. 23, PageID.247. That ignores the premise behind *Younger* abstention: federal courts should not interfere with certain legitimate activities of the states, even if federal interests are implicated. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). That objection therefore does not explain why the application of *Younger* abstention would be wrong.

Second, Plaintiffs argue that the Magistrate Judge erred because the IRS, not the state probate court, has primary authority over 501(c)(3) organizations, citing *Bob Jones University v. United States*, 461 U.S. 574, 596 (1983). ECF No. 23, PageID.248. Therefore, so say Plaintiffs, the probate court lacks jurisdiction over the internal affairs of a 501(c)(3) entity. *Id.* But the court in *Bob Jones* did not hold that the IRS has total control over 501(c)(3) entities, just that it has primary authority to interpret the Internal Revenue Code – the case does not suggest that state probate courts lack jurisdiction over the internal

8

affairs of nonprofit corporations. *See* 461 U.S. at 596. This objection does not create a legal issue with the Magistrate Judge's conclusions.

Finally, Plaintiffs argue that Michigan's Supervision of Trustees for Charitable Purposes Act (Mich. Comp. Laws §§ 14.251 et seq.) governs charitable trusts, not non-profit corporations (like Safe Place) organized under 501(c)(3). Therefore, say Plaintiffs, the probate court lacks jurisdiction over the case brought by the AG. The AG's response argues that Safe Place is in fact governable as a charitable trust. *See* ECF No. 24, PageID.264 ("Plaintiffs misunderstand the legal nature of . . . Safe Place.") (citing *Knights of Equity Mem. Scholarships Comms'n v. University of Detroit*, 102 N.W.2d 463, 467 (Mich. 1960) (A person "need not use the word 'trust' or 'trustee.' It is sufficient if [the person] shows an intention that the property should be held subject to legal obligation to devote it to purposes which are charitable."). Pursuant to Mich. Comp. L. § 14.252, "any . . . corporation, or other legal entity holding property for any charitable purpose" qualifies as a "trustee" of a charitable trust. Relatedly, Plaintiffs claim that Michigan probate courts do not have jurisdiction over corporate governance issues, citing *In re Americana Found*, 378 N.W.2d 586, 593 (Mich. Ct. App. 1985).

9

The court in that case says different: "The probate court has exclusive jurisdiction over the internal affairs of corporations created to administer trusts." *Id.* at 590. Thus Plaintiffs have not shown that the probate court lacks jurisdiction over Safe Place's affairs as a charitable trust. Regardless, for purposes of determining whether *Younger* abstention applies, the point is tangential. Plaintiffs have offered no basis why they would be unable to make those state-law arguments in state court.

For these reasons, this objection is **OVERRULED**.

2. **Objection 2: The state probate court is an inadequate forum for Plaintiffs' federal claims**

Although Plaintiffs cited no authority for their proposition that the state probate court would lack the authority to address their federal claims in their briefing before the Magistrate Judge, *see* ECF No. 22, PageID.235, Plaintiffs again object that the probate court lacks jurisdiction over their RICO and constitutional claims, and that it cannot award adequate remedies, citing *Tafflin v. Levitt*, 493 U.S. 455 (1990). Of course, *Tafflin* says the opposite: "state courts have concurrent jurisdiction to consider civil claims arising under RICO." *Id.* at 467. And Plaintiffs still do not cite any authority for the proposition

that the state probate court lacks the authority to consider, or provide remedies for, Plaintiffs' constitutional arguments.  *See* ECF No. 23, PageID.249; *Tafflin*, 493 U.S. at 458 (state courts are "presumptively competent[] to adjudicate claims arising under the laws of the United States.").  Plaintiffs' only new citation is to *Hayes v. City of Memphis*, 108 F. App'x 262, 265 (6th Cir. 2004), as authority that state courts cannot adjudicate federal civil rights claims.  *Hayes* does not support that claim.  The Sixth Circuit in *Hayes* explained "Tennessee courts have concurrent jurisdiction over claims alleging violations of the federal civil rights act.  Therefore, the Tennessee state court was capable of hearing Hayes's federal claims . . . ." *Id.* at 265 (internal citations omitted).  Plaintiffs have thus not met their burden to explain why they would not be able to raise their federal arguments in state court, which is presumed to have concurrent jurisdiction over those claims, and this objection is **OVERRULED**.

> **3. Objection 3: The recommendation to stay and close the case was improper under *Younger***

Plaintiffs object to the report and recommendation because "federal courts may not stay damages claims under *Younger*[.]" ECF No. 23, PageID.250.  That argument ignores contrary precedent: after

11

applying *Younger* and deciding to abstain, a "district court may not exercise its discretion to decide whether to dismiss the case; instead, the district court must stay the damages claim pending the outcome of the state court proceedings." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 700 (6th Cir. 2013) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998)).

Plaintiff also cites *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) to argue that this court has an "unflagging obligation" to exercise its jurisdiction over his claims, but that objection makes no effort whatsoever to engage with the Magistrate Judge's findings for why *Younger* abstention applies even though this court may otherwise have jurisdiction over his claims.

This objection is **OVERRULED**.

### 4. Objection 4: The Magistrate Judge misapplied *Younger* because the state probate case does not fall within *Younger*'s limited scope

Plaintiffs argue that the AG's action against Plaintiffs in state probate court does not fall within *Younger*'s scope. Specifically, Plaintiffs claim that *Younger* abstention applies only in three

"exceptional circumstances": ongoing state criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and civil proceedings necessary for state courts to perform judicial functions. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). True – but Plaintiffs ignore that middle category, which is most commonly applied to suits initiated by "the State in its sovereign capacity." *Jacobs*, 571 U.S. at 80 (citing *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977). The state's enforcement of charitable trusts under Mich. Comp. Laws §§ 14.251 et seq., initiated in an action by the attorney general on behalf of the people of the state of Michigan, in order "to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act[,]" *see Jacobs*, 571 U.S. at 79, fits that middle category of state-initiated civil enforcement proceedings. Plaintiff has not shown that *Younger* does not apply.

    Plaintiffs then adds three more arguments under this objection: that they would have an inadequate opportunity to raise their federal claims in state court, that federal law governs 501(c)(3) organizations (and not state probate law), and that the Supervision of Trustees for Charitable Purposes Act applies only to charitable trusts, not 501(c)(3)

13

corporations. ECF No. 23, PageID.251-52. These arguments all restate objections that have been already addressed and overruled in Sections IV.1 and IV.2.

This objection is therefore **OVERRULED**.

### 5. Objection 5: The Magistrate Judge failed to consider exceptions to *Younger* abstention

First, Plaintiffs argue that the Magistrate Judge erred and the bad faith exception to *Younger* applies because the "Michigan Attorney General's actions constitute a pattern of harassment and retaliation[.]" *See* ECF No. ECF No. 23, PageID.252. However, the Magistrate Judge carefully considered, and rejected, each exception to the *Younger* abstention doctrine. *See* ECF No. 22 at PageID.237-39. Plaintiffs do not explain the specific finding that was erroneous beyond rehashing their same conclusory argument. This is insufficient to state a proper objection, *see Pearce*, 893 F.3d at 346, and the court finds no error in the Magistrate Judge's conclusions.

Next, Plaintiffs argue that the irreparable harm and extraordinary circumstances exceptions apply because the proceedings implicate Plaintiffs' constitutional rights. Plaintiffs substantively rehash the same argument here as in Objection 2 (EFC No. 23,

14

PageID.249), and that objection has been explained and overruled in Section IV.2.

Third, Plaintiffs argue that the irreparable harm exception also applies because Plaintiff may be eventually be held personally liable and the Safe Place non-profit may be dissolved. To justify federal intervention over a state enforcing its statutes in state court, a party must show special circumstances of irreparable harm beyond the normal incidental harms that arise from court proceedings. *See Cameron v. Johnson*, 390 U.S. 611, 618 (1968) (citing *Dombroski v. Pfister*, 380 U.S. 479, 490 (1965)). Plaintiffs have failed to show why a finding of Craighead's personal liability or the mere application of state statute would establish irreparable harm justifying federal intervention, or why the Magistrate Judge's finding on this point was wrong.

This objection is accordingly **OVERRULED**.

### 6. Objection 6: The Magistrate Judge failed to consider alternatives to complete abstention

Plaintiffs' final objection, somewhat confusingly, argues that the Magistrate Judge erred by recommending a "complete" stay because a court "should stay rather than dismiss accompanying claims for

damages." ECF No. 23, PageID.254.  That is exactly what the Magistrate Judge recommended, so the objection is accordingly **OVERRULED.**

V. **CONCLUSION**

Therefore, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and **DENIES** the motion to dismiss (ECF No. 12) **WITHOUT PREJUDICE**.  Defendants have leave to refile a motion to dismiss after the conclusion of the state court action.

The Court **STAYS** further proceedings on these claims and **ADMINISTRATIVELY CLOSES THE CASE**, pending final resolution of the state probate proceedings against Craighead and Safe Place.

The parties are **ORDERED** to inform the court in writing once the petition in state probate court has been resolved.

This is not a final order, but administratively closes the case pending resolution of the state court matter.

16

**SO ORDERED**.

Date: March 14, 2025						s/F. Kay Behm
									F. Kay Behm
									United States District Judge

17