UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK T. CRAIGHEAD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DANA NESSEL, *et al.*,<br><br>Defendants. | Case No. 24-10022<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF MARK T. CRAIGHEAD'S MOTION TO DISMISS PLAINTIFF SAFE PLACE TRANSITION CENTER INC. (ECF NO. 33)**

Plaintiff Mark T. Craighead and his company, Safe Place Transition Center, Inc. (Safe Place), sue Defendants Dana Nessel and Brian W. Heckman from the Michigan Department of Attorney General. ECF No. 1. They bring claims under 42 U.S.C. §§ 1983 and 1985 and allege civil RICO violations under 18 U.S.C § 1962. *Id.*, PageID.10-13. The Honorable F. Kay Behm referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

Craighead moves to "drop" Safe Place as a plaintiff in this matter, ECF No. 33, following Judge Behm's August 2026 order requiring Safe Place to obtain counsel by September 14, 2026. ECF No. 30.

Safe Place has failed to secure representation by the September 14 deadline. And corporations cannot litigate a case pro se. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). Craighead acknowledges that he cannot sue on behalf of Safe Place, nor can he represent Safe Place pro se, and he wishes to proceed only on his personal claims against defendants.[1] *See Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) ("Although [28 U.S.C.] § 1654 permits an individual to proceed pro se in federal court, the statute does not permit an individual to appear on behalf of a corporation." (citing *Doherty*, 728 F.2d at 340)).

Thus, the Court **RECOMMENDS** that Craighead's motion be **GRANTED** and Safe Place be terminated as a plaintiff in this matter.

[1] Craighead also makes a passing request for leave to amend his complaint, "if necessary," to further parse out his individual claims against defendants. ECF No. 33, PageID.324, 325. If Craighead wishes to amend his complaint, he must file a motion for leave and comply with Federal Rule of Civil Procedure 15(a) and Local Rule 15.1 in doing so.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 23, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager